Filed 2/28/23  In re K.W. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re K.W., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH & HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> D.A., <br><br> Defendant and Appellant. | D080786 <br><br> (Super. Ct. No. EJ4725B) |

APPEAL from orders of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Reversed and remanded.

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant.

Valerie N. Lankford, under appointment by the Court of Appeal, for Plaintiff and Respondent.

Claudia Silva, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, Lisa Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

Children's Legal Services and Beth Ploesch, for Minor.

D.A. (Mother) appeals from the juvenile court's custody and exit orders regarding her daughter, K.W., giving her physical custody, awarding J.E. (Father) joint legal custody, and terminating dependency jurisdiction.  She contends the juvenile court erred as a matter of law when it awarded Father joint legal custody because, as a mere biological father, he had no right to custody.[1]  We disagree with Mother's contention that Father has no right to custody as a matter of law but reverse the juvenile court's order because it misstated the applicable standard guiding its discretion.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In December 2021, the Agency filed a petition alleging that four-year-old K.W. was subject to juvenile court jurisdiction pursuant to section 300, subdivision (b)(1), because she had been exposed to violent confrontations between Mother and her boyfriend.[3]  At the detention hearing the following day, the juvenile court found a prima facie showing had been made that K.W. was described by section 300, detained her from Mother, and granted Mother supervised visitation.  Mother identified Father as K.W.'s biological father but stated that he had not had contact with K.W. for over three years.  The Agency located Father who explained he had not seen K.W. since January or

---

[1]     Mother does not challenge the remainder of the juvenile court's exit orders.  K.W. filed a letter brief joining in Mother's arguments.  The San Diego County Health & Human Services Agency (Agency) filed a letter brief stating, consistent with its position in the juvenile court, it will not be defending the order on appeal.

[2]     Our summary of the facts and procedural history is limited to provide context relevant to the single issue presented in this appeal.

[3]     Mother has a second child by a different father who is not a party to this appeal.

February 2020 because Mother "disappeared" with K.W. after he told her that he was moving to Washington state. He requested placement of K.W.

At the jurisdiction and disposition hearing in January 2022, the juvenile court appointed counsel to represent Father and declared him to be K.W.'s biological father. It sustained the petition and found K.W. to be a person described by section 300, subdivision (b)(1). Proceeding to disposition, the juvenile court declared K.W. a dependent, ordered her removed from Mother's custody, placed with her relatives, and ordered reunification services for Mother.[4]

In April 2022, K.W. began a 60-day trial visit with Mother. In early August 2022, the Agency reported that Mother made progress in all aspects of her case plan. At the six-month review hearing in August 2022, Father's counsel objected to Mother's proposed orders, stated that Father was a nonoffending and noncustodial parent and asked the court to award joint legal custody because there was no evidence it would be inappropriate for Father to share joint legal rights with Mother and it would be in K.W.'s best interests to have two interested parents who wanted the best for her.

The court found Mother had made substantive progress with her case plan and it would not be detrimental for K.W. to remain in her care. Regarding custody, it found Father had done nothing to disqualify himself, it would be inappropriate to grant Mother sole legal custody, and such an order could be "punitive" in the future. After granting Father visitation, the court terminated dependency jurisdiction.

---

[4]     At an earlier hearing, the juvenile court declared Donte A., Mother's husband, to be K.W.'s presumed father pursuant to Family Code section 7611, subdivision (a). Dante has never been involved with K.W. and was later struck from the petition.

DISCUSSION

A juvenile court is authorized to issue exit orders addressing custody and visitation when terminating dependency jurisdiction over a child.[5] (§ 362.4, subd. (a); *In re T.S.* (2020) 52 Cal.App.5th 503, 513.) "When making a custody determination under section 362.4, 'the court's focus and primary consideration must always be the best interests of the child.' " (*In re T.S.,* at p. 513.) We review an order terminating dependency proceedings and making a custody award for abuse of discretion. (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300.) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.) However, "[a] discretionary order that is based on the application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion, and is subject to reversal even though there may be substantial evidence to support that order." (*Mark T. v. Jamie Z.* (2011) 194 Cal.App.4th 1115, 1124–1125 (*Mark T.*), citing *Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 436.)

Mother asserts the juvenile court erred by awarding joint legal custody to Father. She claims that as a biological father, Father had no right to custody. Thus, the presumption in favor of joint legal custody in dependency proceedings does not apply and the juvenile court erred as a matter of law when it granted Father joint legal custody of K.W.

---

[5] The exit orders become part of the family law file and remains in effect "until modified or terminated by a subsequent order of the superior court." (§ 362.4, subds. (b), (c); see Cal. Rules of Court, rule 5.700.)

4

In dependency cases, the interest at stake for a parent is "enormous." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 223.) When a dependency proceeding is commenced, the priority is to preserve family relationships, if possible. (*In re Nolan W.* (2009) 45 Cal.4th 1217, 1228.) "A biological or natural father is one whose biological paternity has been established, but who has not achieved presumed father status. . . ." (*In re Zacharia D.* (1993) 6 Cal.4th 435, 450, fn. 15 (*Zacharia D.*).) Under former Civil Code section 197 (now Fam. Code, § 3010), only a presumed father is entitled to custody of his child. (*Zacharia D.*, at p. 450; accord, *Francisco G. v. Superior Court* (2001) 91 Cal.App.4th 586, 596 (*Francisco G.*).) Because Father was not K.W.'s presumed father, he was not entitled to custody. (See *In re E.T.* (2013) 217 Cal.App.4th 426, 437; *Zacharia D.*, at p. 451.)

Although "presumed fathers" have greater rights than biological fathers, a biological father "does in fact have parental rights that simply differ in degree to the parental rights conferred on a presumed father." (*Francisco G.*, *supra*, 91 Cal.App.4th at p. 596.) "Until parental rights are terminated, a parent retains a fundamental interest in his or her child's companionship, custody, management and care." (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1053.) This interest is a "compelling one, ranked among the most basic of civil rights." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 306.)

While Mother is correct that a biological father is not entitled to custody, this does not mean that a juvenile court is precluded from giving a noncustodial, nonoffending biological parent joint legal custody at the disposition stage. " ' "The juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accordance with this discretion." ' " (*In re A.J.* (2013)

214 Cal.App.4th 525, 536.) [although section 361.2 did not apply to biological father seeking placement, juvenile court had inherent authority to place child with father where placement was in child's best interests]; § 245.5 [Juvenile court "may direct all such orders to the parent, parents, or guardian of a minor . . . as the court deems necessary and proper for the best interests . . . of the minor."].)  Accordingly, we reject Mother's argument that the juvenile court erred as a matter of law when it awarded Father joint legal custody of K.W.

Nonetheless, the juvenile court's statements suggest it mistakenly based its custody order on the erroneous belief it was required to grant joint legal custody.  Specifically, the juvenile court stated:

> "With regards to the custody orders, I'm going to order joint custody because *that's the default order*.  I'm not saying that this guy's a great dad or that he has been an active person in the child's life, but *it's the default petition of the court that joint legal custody is preferred*.  He hasn't done anything to disqualify himself.  I totally agree with [minor's counsel] that mom's in charge of this child, mom's making all of the decisions, but just because that is happening I don't think it's appropriate to make a finding of sole legal custody, which is a—it can be a punitive finding in the future.  But I'm thoroughly acknowledging [minor's counsel's] representation as to who the child's primary caregiver is, there's no doubt about it.  So I'm not disrespecting the mother by making a joint finding, I'm just indicating that that is *the law*."  (Italics added.)

"The presumption of parental fitness that underlies custody law in the family court just does not apply to dependency cases.  Rather the juvenile court, which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child without any preferences or presumptions." (*In re Jennifer R.* (1993) 14 Cal.App.4th 704, 712.)  Reasonably construed, the juvenile court stated

6

"the law" is that joint legal custody "[is] the default order," it is "preferred," and in order to justify a different order there must be evidence that Father "has[] done [some]thing to disqualify himself." Although the record here supports a conclusion that an award of joint legal custody would not be an abuse of discretion,[6] we must reverse because there was no way to rule out the reasonable possibility that in exercising its discretion the juvenile court may have ruled differently under the proper standard. (*Mark T.*, *supra*, 194 Cal.App.4th at pp. 1124–1125.)

---

[6]     The juvenile court expressly found that Father has not "done anything to disqualify himself." Mother did not challenge this finding and substantial evidence supports it. Father reported that he was at the hospital after Mother gave birth but did not sign K.W.'s birth certificate because Mother gave "him a hard time." Mother then disappeared with K.W. in 2020 and stopped communicating with him. He unsuccessfully attempted to locate Mother through family and friends. After learning of the proceeding, he requested representation and placement of K.W. Ultimately, Father did not seek to obtain physical custody of K.W. because her caregivers allowed him contact with her, he did not want to move her out of California and planned to move to San Diego.

## DISPOSITION

The exit orders are reversed and the matter is remanded to the juvenile court.  We express no opinion on how the juvenile court should exercise its discretion on remand.


                                              O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.